IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL C. JONES,

      Petitioner,                    No. CIV S-11-1497 KJM EFB P

   vs.

GARY SWARTHOUT,

      Respondents.             ORDER

_____/

      Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Petitioner has paid the filing fee.

      By order dated October 19, 2011, the petition was dismissed with leave to amend. Petitioner filed an amended petition on October 28, 2011. Therein, petitioner challenges a decision by the California Board of Parole Hearings ("Board") to deny him parole for five years at a parole consideration hearing. The date of the hearing is not specified in the petition. Dckt. No. 1 at 4-6.[1] Petitioner claims that the Board's decision violated his right to due process, his Sixth Amendment right to trial by jury, his First Amendment right to the free exercise of religion, and his First Amendment right to "free speech." *Id.* The court has reviewed the

---

[1] For ease of reference, all references to page numbers in the petition are to those assigned via the court's electronic filing system.

1

1  petition pursuant to Rule 4 of the Rules Governing § 2254 Cases, and for the reasons explained
2  below, it appears that petitioner has failed to exhaust the available state remedies with respect to
3  any of his claims.  Therefore, he must demonstrate good cause for this failure or obtain consent
4  from the respondent to proceed despite his failure to exhaust.

5       A district court may not grant a petition for a writ of habeas corpus unless "the applicant
6  has exhausted the remedies available in the courts of the State," or unless there is no State
7  corrective process or "circumstances exist that render such process ineffective to protect the
8  rights of the applicant."  28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion
9  requirement by presenting the "substance of his federal habeas corpus claim" to the state courts.
10 *Picard v. Connor*, 404 U.S. 270, 278 (1971) (no exhaustion where the petitioner presented
11 operative facts but not legal theory to state courts); *see also Duncan v. Henry*, 513 U.S. 364, 365
12 (1995)(to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are
13 asserting claims under the United States Constitution").  Unless the respondent specifically
14 consents to the court entertaining unexhausted claims, a petition containing such claims must be
15 dismissed.  *See* 28 U.S.C. § 2254(b)(3); *Picard*, 404 U.S. at 275.  A claim is unexhausted if any
16 state remedy is available.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (petitioner must
17 seek discretionary review from state court of last resort); *Roberts v. Arave*, 874 F.2d 528, 529
18 (9th Cir. 1988)(no exhaustion where state supreme court referred petitioner's appeal of trial
19 court's denial of post-conviction relief to lower appellate court and petitioner failed to appeal
20 lower court's disposition of that appeal to state supreme court).  For a California prisoner to
21 exhaust, he must present his claims to the California Supreme Court on appeal in a petition for
22 review or on post-conviction in a petition for a writ of habeas corpus.  *See Carey v. Saffold*, 536
23 U.S. 223, 239-40 (2002) (describing California's habeas corpus procedure); *Gatlin v. Madding*,
24 189 F.3d 882, 888 (9th Cir. 1999) (to exhaust, prisoner must present claims on appeal to
25 California Supreme Court in a petition for review).
26 ////

1    In the amended petition, petitioner indicates that only post-conviction challenge he filed
2 in state court was a direct appeal from his judgment of conviction.  There is no indication on the
3 habeas form that petitioner challenged the Board's suitability decision in any state court.
4 Therefore, it appears that petitioner has failed to exhaust the available state remedies with
5 respect to any of the claims contained in the amended petition before this court.  In order to
6 proceed, petitioner must show cause for this failure or obtain from the respondent an express
7 waiver of the exhaustion requirement.
8    Accordingly, it is ORDERED that, within thirty days from this order, petitioner shall
9 show cause for his failure to exhaust state remedies with respect to the claims contained in his
10 October 28, 2011 amended petition or obtain from the respondent an express waiver of the
11 exhaustion requirement.  Petitioner's failure to comply with this order will result in a
12 recommendation that this action be dismissed for failure to exhaust state remedies.
13 Dated:  December 12, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE