IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL C. JONES,

      Petitioner,                No. 2:11-cv-1497 KJM EFB P

    vs.

GARY SWARTHOUT,

      Respondent.            ORDER AND
                                       FINDINGS AND RECOMMENDATIONS

_____/

       Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He has paid the filing fee.

       Petitioner challenges the decision of the California Board of Parole Hearings ("Board") to deny him parole at a parole consideration hearing held on November 12, 2009. *See* Dckt. No. 1 at 1-2.[1]  He asserts the following grounds for relief:  (1) the decision violated his right to due process because it was based on the circumstances of the commitment offense; (2) the Board violated his rights under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because it denied parole based on evidence that was never presented to a jury; (3) the Board violated the Establishment Clause by denying parole based on petitioner's failure to attend religious based programs; (4) the

---

[1] For ease of reference, all references to page numbers in the petition are to those assigned via the court's electronic filing system.

1

Board violated various state laws and petitioner's right to freedom under the First Amendment by trying to force him to admit that he was guilty of his commitment offense; and (5) the Board's decision to deny parole for five years pursuant to Marsy's Law violated the Ex Post Facto Clause. First Am. Pet., Dckt. No. 8 at 4-8. For the reasons explained below, the court finds that petitioner's claims lack merit and the petition must therefore be dismissed. *See* Rule 4, Rules Governing § 2254 Cases (requiring summary dismissal of habeas petition if, upon initial review by a judge, it plainly appears "that the petitioner is not entitled to relief in the district court").

**I.     Due Process Claim**

Petitioner claims that the Board's decision that he was not suitable for parole violated his right to due process because the Board failed to consider the fact that he was only 17 at the time the commitment offense occurred. Dckt. No. 8 at 4. He further claims that he has not committed another violent offense since being arrested and that he has proved he is suitable for parole. *Id*. Petitioner is essentially claiming that the Board's decision denying parole violated his right to due process because it was not supported by sufficient evidence that petitioner poses a current danger to society if released from prison. *Id*. at 1-5.

Under California law, a prisoner is entitled to release unless there is "some evidence" of his or her current dangerousness. *In re Lawrence*, 44 Cal. 4th 1181, 1205-06, 1210 (2008); *In re Rosenkrantz*, 29 Cal. 4th 696, 651-53 (2002). According to the United States Supreme Court, however, federal habeas review of a parole denial is limited to the narrow question of whether a petitioner has received "fair procedures." *Swarthout v. Cooke*, 526 U.S. __ (2011), 131 S.Ct 859, 862 (2011). In other words, a federal court may only review whether a petitioner has received a meaningful opportunity to be heard and a statement of reasons why parole was denied. *Id*. (federal due process satisfied where petitioners were "allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied"). Thus, this court may not review whether the Board correctly applied California's "some evidence" standard. *Id.* at 861.

Petitioner does not allege that he was not afforded constitutionally adequate process as defined in *Swarthout*–that is, that he was denied a meaningful opportunity to be heard or a statement of reasons why the Board denied him parole. Rather, it appears that petitioner was given the opportunity to be heard at his 2009 parole suitability hearing and received a statement of the reasons why parole was denied. *See* Dckt. No. 1-1 at 16-66 (reflecting both petitioner's participation in the hearing and the Board's reasons for denying parole). This is all that due process requires. *Swarthout*, 131 S.Ct. at 862-63. Accordingly, petitioner is not entitled to relief on this claim.

## II.   *Apprendi* Claim

Petitioner claims that the Board violated his right to due process because its decision to deny parole was based on evidence that was never submitted to a jury. Dckt. No. 8 at 4; *see also* Dckt. No. 1 at 4.

*In Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), the United States Supreme Court held that the Due Process Clause of the Fourteenth Amendment requires any fact other than a prior conviction that "increases the penalty for a crime beyond the prescribed statutory maximum" to be "submitted to a jury and proved beyond a reasonable doubt." The relevant statutory maximum "is not the maximum sentence a judge may impose after finding additional fact, but the maximum he may impose without any additional findings." *Cunningham v. California*, 549 U.S. 270, 280 (2007) (quoting *Blakely v. Washington*, 542 U.S. 296, 303-04 (2004)). In California, a first degree murder conviction carries a sentence of death, life without parole, or a term of 25 years to life. Cal. Penal Code § 190(a). An indeterminate life sentence is considered a life sentence until the prisoner is determined to be suitable for parole. *People v. Dyer*, 269 Cal. App. 2d 209, 214 (1969).

Here, petitioner was convicted of first degree murder and received an indeterminate life sentence. Dckt. No. 8 at 1. Since he is serving a life sentence, the Board's denial of parole did not extend his sentence. Accordingly, the rule articulated in *Apprendi* is inapplicable.

3

Petitioner's second claim must therefore be dismissed.

### III.     Establishment Clause Claim

Petitioner claims that the Board violated his rights under the First Amendment by ordering him to attend religious based self-help programs. Dckt. No. 8 at 5. The court construes this argument as a claim that the Board violated the Establishment Clause by conditioning petitioner's release on parol upon the requirement that he participate in religious based self-help programs. Conditioning a grant of parole on an inmate attending religious based self-help programs, such as Alcoholics Anonymous ("AA") or Narcotics Anonymous ("NA"), may violate the Establishment Clause. *Inouye v. Kemna*, 504 F.3d 705, 713 (9th Cir. 2007). Petitioner's claim lacks merit, however, as the Board did not order petitioner to attend a religious based self-help program or otherwise condition petitioner's release on his participation in such programs.

At the hearing, petitioner stated that he has addressed his problems with substance abuse "[b]y attending NA, by working the steps daily in my program, taking inventory of myself, being more positive, [and] trying to stay sober and clean . . . ." Dckt. No. 1-1 at 30. Although the Board discussed with petitioner his involvement in NA, at no time did the Board state that petitioner was required to attend NA, AA, or any other religious based self-help program. The only statement made at the hearing that could possibly be construed as suggesting that petitioner participate in such programs is a statement made by the presiding commissioner at the closing of the hearing. The presiding commissioner concluded the hearing by stating, "The Panel recommends that the prisoner remain disciplinary-free. If available, participate in self-help and earn positive chronos. That will conclude this hearing at 11:45 a.m." Dckt. No. 1-1 at 66. Even assuming that this statement constituted an order to participate in self-help programs, the commissioner never specifically stated that petitioner must attend *religious based* self-help programs in order to be eligible for parole.

Petitioner contends, however, that the only self-help programs offered by the California Department of Corrections and Rehabilitation ("CDCR") are AA and NA, both of which are

4

religious based programs. Dckt. No. 1 at 70. Petitioner's contention contradicts the exhibits he submitted in support of his original petition. Exhibit 3 to the original petition is titled Self Help Certificates. Dckt. No. 1-1 at 90. That exhibit consists of certificates recognizing that petitioner completed Rational Behavior Training, Creative Conflict Resolutions, Thinking Skills for Offense Prevention, a stress management program, and a managing anger program. *Id.* at 91-95. Petitioner's own exhibit demonstrates that alternative self-help programs are available to inmates in the custody of CDCR.

Petitioner has failed to show facts demonstrating that he is entitled to relief on his Establishment Clause claim and therefore the claim should be dismissed.

**IV.    Freedom of Speech Claim**

Petitioner claims that the Board also violated the First Amendment and various state laws by attempting to force petitioner to admit that he is guilty of his commitment offense. Dckt. No. 8 at 5.

The court need not reach the merits of petitioner's First Amendment claim because it is unexhausted. A district court may not grant a petition for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State," or unless there is no State corrective process or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by presenting the "substance of his federal habeas corpus claim" to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971) (no exhaustion where the petitioner presented operative facts but not legal theory to state courts); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995) (to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution"). Unless the respondent specifically consents to the court entertaining unexhausted claims, a petition containing such claims must be dismissed. *See* 28 U.S.C. § 2254(b)(3); *Picard*, 404 U.S. at 275. A claim is unexhausted if any state remedy is available. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (petitioner must

seek discretionary review from state court of last resort); *Roberts v. Arave*, 874 F.2d 528, 529 (9th Cir. 1988) (no exhaustion where state supreme court referred petitioner's appeal of trial court's denial of post-conviction relief to lower appellate court and petitioner failed to appeal lower court's disposition of that appeal to state supreme court).  For a California prisoner to exhaust, he must present his claims to the California Supreme Court on appeal in a petition for review or on post-conviction in a petition for a writ of habeas corpus.  *See Carey v. Saffold*, 536 U.S. 223, 239-40 (2002) (describing California's habeas corpus procedure); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (to exhaust, prisoner must present claims on appeal to California Supreme Court in a petition for review).  The petitioner bears the burden of demonstrating that he has exhausted state remedies.  *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

On December 13, 2011, the undersigned ordered petitioner to show cause why his petition should not be dismissed for failure to exhaust his claims.  Petitioner responded to the order by submitting a copy of a habeas petition he filed in the California Supreme Court.  Dckt. No. 10.  In that petition, petitioner argues that the California Appeals Court erred by failing to address his claim that the Board violated California Penal Code section 5011(b).[2]  *Id*. at 7.  Petitioner, however, did not allege that his right to freedom of speech under the First Amendment was violated by the Board.  Although true that petitioner's section 5011(b) claim is factually related to his current constitutional claim, presenting the facts of his First Amendment claim to the California Supreme Court was not sufficient to exhaust the claim.  Petitioner was required to present his legal theory to the California Supreme Court, which he failed to do.  *See Picard v. Connor*, 404 U.S. 270, 278 (1971) (no exhaustion where the petitioner presented operative facts but not legal theory to state courts); *Duncan v. Henry*, 513 U.S. 364, 365 (1995)

---

[2] California Penal Code section 5011(b) provides that "[t]he Board of Prison Terms shall not require, when setting parole dates, an admission of guilt to any crime for which an inmate was committed."

6

(to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution"). Because petitioner's First Amendment claim remains unexhausted and he has not obtained a waiver of the exhaustion requirement, the claim must be dismissed.

Petitioner also contends that the Board violated various state laws by requiring him to admit guilt of his commitment offense. Although this claim was presented to the California Supreme Court, it is not cognizable in a federal habeas proceeding because it is based solely on a violation of state law. *See Rivera v. Illinois*, 556 U.S. 148, 158 (2009); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of federal habeas court to reexamine state-court determinations on state-law questions.").

**V.   Ex Post Facto Claim**

Petitioner claims the Board violated the Ex Post Facto Clause by denying him parole for five years pursuant to Marsy's Law. As discussed below, the undersigned finds the claim must be dismissed because petitioner is already a member of a class action – *Gilman v. Fisher*, No. Civ. S-05-830 LKK GGH –  which addresses this issue.[3]

Marsy's Law, approved by California voters in November 2008, amended California's law governing parole deferral periods. *See Gilman v. Davis*, 690 F. Supp. 2d 1105, 1109-13 (E.D. Cal. 2010) (granting plaintiffs' motion for preliminary injunction to enjoin enforcement of Marsy's Law, to the extent it amended former California Penal Code section 3041.5(b)(2)(A)), *rev'd sub nom. Gilman v. Schwarzenegger*, 638 F.3d 1101 (9th Cir. 2011). Prior to Marsy's Law, the Board deferred subsequent parole suitability hearings to indeterminately-sentenced inmates for one year unless the Board determined it was unreasonable to expect that parole could be granted the following year, in which case the Board could defer the subsequent parole suitability hearing for up to five years. Cal. Pen. Code § 3041.5(b)(2) (2008). Marsy's Law,

---

[3] A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

7

which applied to petitioner at his 2009 parole suitability hearing, amended section 3041.5(b)(2) to impose a minimum deferral period of three years, and to authorize the Board's deferral of a subsequent parole hearing for up to seven, ten, or fifteen years. *Id.* § 3041.5(b)(3) (2010).

The Constitution provides that "No State shall . . . pass any . . . ex post facto Law." U.S. Const. art. I, § 10.  A law violates the Ex Post Facto Clause of the United States Constitution if it: (1) punishes as criminal an act that was not criminal when it was committed; (2) makes a crime's punishment greater than when the crime was committed; or (3) deprives a person of a defense available at the time the crime was committed. *Collins v. Youngblood*, 497 U.S. 37, 52 (1990).  The Ex Post Facto Clause "is aimed at laws that retroactively alter the definition of crimes or increase the punishment for criminal acts." *Himes v. Thompson*, 336 F.3d 848, 854 (9th Cir. 2003) (quoting *Souch v. Schaivo*, 289 F.3d 616, 620 (9th Cir. 2002)).  *See also Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 504 (1995).  The Ex Post Facto Clause is also violated if: (1) state regulations have been applied retroactively; and (2) the new regulations have created a "sufficient risk" of increasing the punishment attached to the crimes. *Himes*, 336 F.3d at 854. The retroactive application of a change in state parole procedures violates ex post facto only if there exists a "significant risk" that such application will increase the punishment for the crime. *See Garner v. Jones*, 529 U.S. 244, 259 (2000).

In a class action for injunctive relief certified under Rule 23(b)(2) of the Federal Rules of Civil Procedure, a court may, but is not required, to permit members to opt-out of the suit. *Crawford v. Honig*, 37 F.3d 485, 487 n.2 (9th Cir. 1994).  In certifying the *Gilman* class, the district court found that plaintiffs satisfied Rule 23(a) and Rule 23(b)(2)'s requirement that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." *See Gilman v. Fisher*, No. Civ. S-05-830 LKK GGH ("*Gilman*"), Dckt. No. 182 (March 4, 2009 Order certifying class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure), Dckt. No. 257 (June 3, 2010 Ninth Circuit Court of Appeals Memorandum

affirming district court's order certifying class). According to the district court in *Gilman*, its members "may not maintain a separate, individual suit for equitable relief involving the same subject matter of the class action." *Gilman*, Dckt. No. 296 (December 10, 2010 Order) at 2; *see also* Dckt. No. 278 (October 1, 2010 Order), Dckt. No. 276 (September 28, 2010 Order), Dckt. No. 274 (September 23, 2010 Order).

One of the plaintiffs' claims in *Gilman* is that Marsy's Law's amendments to section 3041.5(b)(2) regarding parole deferral periods violates the Ex Post Facto Clause because "when applied retroactively, [they] create a significant risk of increasing the measure of punishment attached to the original crime." *Gilman*, Dckt. No. 154-1 (Fourth Amended/Supplemental Complaint), Dckt. No. 183 (March 4, 2009 Order granting plaintiff's motion for leave to file Fourth Amended/Supplemental Complaint). With respect to this ex post facto claim, the class in *Gilman* is comprised of "all California state prisoners who have been sentenced to a life term with possibility of parole for an offense that occurred before November 4, 2008." *Gilman*, Dckt. No. 340 (April 25, 2011 Order amending definition of class). The *Gilman* plaintiffs seek declaratory and injunctive relief, including a permanent injunction enjoining the Board from enforcing Marsy's Law's amendments to section 3041.5(b) and requiring that the Board conduct a new parole consideration hearing for each member of the class. *Gilman*, Dckt. No. 154-1 (Fourth Amended/Supplemental Complaint) at 14.

Here, petitioner alleges he is a California state prisoner who was sentenced to a life term with the possibility of parole for an offense that occurred before November 4, 2008. Dckt. No. 1 at 17. Accepting petitioner's allegations as true, he is a member of the *Gilman* class. Petitioner asks the court to issue a writ of habeas corpus, *id.* at 5, but even if the court found that the Board's five-year deferral of petitioner's next parole suitability hearing violated the Ex Post Facto Clause, it would not entitle petitioner to release on parole. Because the ex post facto claim concerns only the *timing* of petitioner's next suitability hearing, success on this claim would not necessarily result in determinations that petitioner is suitable for parole and should be released

9

from custody. Rather, petitioner's equitable relief would be limited to an order directing the Board to conduct a new parole suitability hearing and enjoining the Board from enforcing any unconstitutional provisions of Marsy's Law. This is the same relief petitioner would be entitled to as a member of the *Gilman* class action. *See Gilman*, Dckt. No. 154-1 (Fourth Amended/Supplemental Complaint) at 14.

Accordingly, the court finds that petitioner's rights will "be fully protected by his participation as a class member" in *Gilman*, and will therefore dismiss petitioner's ex post facto claim. *See Crawford v. Bell*, 599 F.2d 890, 892 (9th Cir. 1979); *see also McNeil v. Guthrie*, 945 F.2d 1163, 1165 (10th Cir. 1991) ("Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action."); *Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir. 1988) (per curiam) ("To allow individual suits would interfere with the orderly administration of the class action and risk inconsistent adjudications.").

**V.     Conclusion**

Based on the foregoing, the undersigned finds that petitioner's claims lack merit and should therefore be dismissed. There is no basis for concluding that a tenable claim for relief could be pleaded if leave to amend were granted. *See Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted).

Accordingly, it is hereby RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be dismissed; and

2. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2254 Cases ("the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant").

DATED: July 17, 2012.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE