IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL C. JONES,

   Petitioner,     No. 2:11-cv-1497 KJM EFB P

  vs.

GARY SWARTHOUT,

   Respondent.    ORDER

            /

   Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus under to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

   On July 18, 2012, the magistrate judge filed findings and recommendations, which were served on petitioner and which contained notice to petitioner that any objections to the findings and recommendations were to be filed within fourteen days.  Petitioner has not filed objections to the findings and recommendations.

   The court presumes that any findings of fact are correct.  *See Orand v. United States,* 602 F.2d 207, 208 (9th Cir. 1979).  The magistrate judge's conclusions of law are

/////

1

reviewed de novo. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

The magistrate judge's findings and recommendations state that "[t]he court need not reach the merits of petitioner's First Amendment claim because it is unexhausted." (ECF 11 at 5.) The court finds that petitioner's First Amendment claim cannot be dismissed for failure to exhaust.

A federal court may not grant a petition for writ of habeas corpus brought by a state prisoner if the petition contains a claim that has not been exhausted in the state courts. 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 515 (1982). When a prisoner files a petition containing both exhausted and unexhausted claims, the district court may dismiss the entire petition or stay the petition, allowing the prisoner to fulfill the exhaustion requirement before continuing with federal proceedings. *Rhines v. Weber*, 544 U.S. 269, 275-276 (2005); *King v. Ryan*, 564 F.3d 1133, 1141 (9th Cir. 2009). However, "the district court would abuse its discretion if it were to grant [a prisoner] a stay when his unexhausted claims are plainly meritless." *Rhines*, 544 U.S. at 277; *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008). Accordingly, the district court may consider whether the unexhausted claims may be dismissed because "it is perfectly clear that the applicant does not raise even a colorable federal claim." *Pre v. Almager*, 453 Fed. App'x 674 (9th Cir. 2010) (citing *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005)). The district court may not, however, simply dismiss the unexhausted claim for failure to exhaust and review the exhausted claims on the merits, *Pre*, 453 Fed. App'x at 674, as the magistrate judge recommends here.

The court adopts the magistrate judge's finding that petitioner's Ex Post Facto claim should be dismissed because as noted in the findings and recommendations, a class action suit was filed in this district challenging Marsy's Law, CAL. PENAL CODE § 3041.5, the same statute that petitioner argues is unconstitutional. (ECF 11 at 7 (citing *Gilman v. Fisher*, No. Civ. S-05-830 LKK GGH (E.D. Cal.)).) The certified class includes "all California state prisoners

who have been sentenced to a life term with possibility of parole for an offense that occurred before November 4, 2008," *Gilman*, *supra*, ECF 340, a class that includes petitioner. A motion to de-certify this class recently was denied. *Id.*, ECF 479.

Accordingly, this matter is referred back to the magistrate judge to determine whether the petition should be (1) dismissed in its entirety based on the unexhausted claim; (2) stayed to allow petitioner to exhaust state remedies for his First Amendment claim; or (3) dismissed on the merits.

DATED: July 30, 2013.

_____
UNITED STATES DISTRICT JUDGE

3