1

2

3

4

5

6

7                                UNITED STATES DISTRICT COURT

8                          FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   MICHAEL C. JONES,                              No.  2:11-cv-1497-KJM-EFB P

11                   Petitioner,

12        v.                                        FINDINGS AND RECOMMENDATIONS

13   GARY SWARTHOUT,

14                   Respondent.

15

16        This is an action by a state prisoner proceeding pro se with a petition for a writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  On July 18, 2012, findings and recommendations were

18   filed which recommended that the petition be dismissed.  ECF Nos. 8, 11.  The petition contains

19   five claims for relief.  The findings and recommendations addressed all but one of the claims on

20   the merits.  *See id.*  The remaining claim, that the Board of Parole Hearings violated petitioner's

21   First Amendment rights, was found to be unexhausted and it was recommended, mistakenly, that

22   it be dismissed on that basis.  ECF No. 11 at 5-6.  The district judge reviewed the findings and

23   recommendations, and concluded that the First Amendment claim could not be dismissed on the

24   basis of exhaustion.  Rather, "[w]hen a prisoner files a petition containing both exhausted and

25   unexhausted claims, the district court may dismiss the entire petition or stay the petition, allowing

26   the prisoner to fulfill the exhaustion requirement before continuing with federal proceedings."

27   *See* ECF No. 12 at 2 (citing *Rhines v. Weber*, 544 U.S. 269, 275-276 (2005)*; King v. Ryan*, 564

28   F.3d 1133, 1141 (9th Cir. 2009)).  Thus, as the district judge explained, the court may not dismiss

                                                   1

1   unexhausted claims for failure to exhaust while also reviewing exhausted claims on the merits.

2   Therefore, the district judge referred the matter back to the assigned magistrate judge to

3   determine whether the petition should be (1) dismissed in its entirety based on the unexhausted

4   claim; (2) stayed to allow petitioner to exhaust state remedies for his First Amendment claim; or

5   (3) dismissed on the merits. *Id.* at 3.  For the reasons explained below, it is recommended that the

6   petition be dismissed on the merits.

7          As to the unexhausted claim, petitioner alleges that the Board of Parole Hearings violated

8   his First Amendment right to "free speech" by "trying to force petitioner to admit guilt to his

9   offense."  ECF No. 8 at 5.  However, there is no constitutional right not to admit guilt at a parole

10  hearing. *Mezhbein v. Early*, No. C 98-4048 PJH, 2002 U.S. Dist. LEXIS 7735, at *12-14 (N.D.

11  Cal. Apr. 22, 2002).  Although California law precludes the Board from requiring an inmate to

12  admit guilt, *see* Cal. Pen. Code § 5011(b) ("The Board . . . shall not require, when setting parole

13  dates, an admission of guilt to any crime for which an inmate was committed"), it does not follow

14  that "[t]he United States Constitution . . . preclude[s] harsher punishment for convicted felons

15  who deny their guilt." *Ochoa v. Marshall*, No. CV 08-5337 AHS, 2008 U.S. Dist. LEXIS

16  118829, at *21-22 (C.D. Cal. Oct. 9, 2008).  Thus, even if the Board found petitioner unsuitable

17  because he would not admit his guilt, it would not entitle him to federal habeas relief. *Id.* at 22.

18         As noted in the July 18, 2012 findings and recommendations, petitioner was present at his

19  parole hearing, was given an opportunity to be heard, and was provided a statement of reasons for

20  the denial of parole.  ECF No. 11 at 3.  While petitioner may disagree with the Board's reasons

21  for denying parole, "[t]he Constitution does not require more." *Greenholtz v. Inmates of Neb.*

22  *Penal & Correctional Complex*, 442 U.S. 1, 16 (1979).

23         To the extent petitioner seeks habeas relief on the ground that the Board violated section

24  5011(b), this is a state law claim for which federal habeas relief is not available. *See Estelle v.*

25  *McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas unavailable for violations of state law or for

26  alleged error in the interpretation or application of state law); *Roberts v. Hartley*, 640 F.3d 1042,

27  1046 (9th Cir. 2011) ("A state's misapplication of its own laws does not provide a basis for

28  granting a federal writ of habeas corpus.").

1    Therefore, petitioner's First Amendment claim lacks merit and must be dismissed on the

2    merits.  Further, for the reasons previously stated in the July 18, 2012 findings and

3    recommendations (ECF No. 11), the other claims also lack merit and should be dismissed.

4          Accordingly, it is hereby RECOMMENDED that:

5          1. Petitioner's application for a writ of habeas corpus be dismissed; and

6          2. The Clerk be directed to close the case.

7          These findings and recommendations are submitted to the United States District Judge

8    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days

9    after being served with these findings and recommendations, any party may file written

10   objections with the court and serve a copy on all parties. Such a document should be captioned

11   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

12   within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

13   *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In

14   his objections petitioner may address whether a certificate of appealability should issue in the

15   event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing

16   § 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a

17   final order adverse to the applicant).

18   Dated:  February 4, 2014.

19   _____
          EDMUND F. BRENNAN
20        UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

3